995 So.2d 1188 (2008)
STATE of Louisiana
v.
James KENNEDY.
No. 2008-KK-0418.
Supreme Court of Louisiana.
December 2, 2008.
*1189 James D. Caldwell, Attorney General, Paul D. Connick, Jr., District Attorney, Terry Michael Boudreaux, David Paul Wolff, Assistant District Attorneys, for applicant.
Kevin Vincent Boshea, New Orleans, J.C. Lawrence & Associates, Anthony James Ibert, for respondent.
PER CURIAM.
We are dismissing our writ of certiorari in this matter because the State failed to brief the assignments of error for which we granted writs. In Boudreaux v. State through Dep't of Transp. and Dev., 01-1329, p. 5 (La.2/26/02), 815 So.2d 7, 11, wherein we dismissed our writ of certiorari, we held that assignments of error raised in a writ application, but not addressed in the applicant's brief, are deemed abandoned. We further held that additional questions briefed for oral argument, but not contained in the original writ application, are not properly before us. Id.
This matter arose when the State filed a motion to obtain handwriting specimens from respondent, who has neither been arrested nor charged by a bill of information or bill of indictment. After a hearing the trial court granted the motion and ordered the respondent to provide the handwriting exemplars. The appellate court granted the respondent's writ application and vacated the trial court ruling, relying in part upon La.Code Crim. Proc. art. 66.[1] In its writ application to this Court, the State averred the court of appeal erred by interpreting the phrase "reasonable grounds" to mean "reasonable individualized suspicion that the suspect was engaged in criminal wrongdoing" and that the court failed to consider the presumption pursuant to La.Rev.Stat. 15:432 that public officers have done their duty and have acted in good faith. In its writ application to this Court, the State argued that "if [it] complied with [La.Code Crim. Proc. art. 66] requirements, the trial court was authorized to order Respondent's handwriting exemplars." The State further contended that the legality of the trial court's order depended exclusively on whether the State set forth reasonable grounds for its motion.
However, in its brief to this Court, and in oral argument before us, the State contends its motion was not filed pursuant to La.Code Crim. Proc. art. 66 and that because there is no Fourth Amendment protection for handwriting exemplars, a showing of reasonable grounds was not necessary. The State's argument in its brief is upon completely different grounds than the issues raised in its writ application. In order to reach the merits urged *1190 in the State's brief, we would have to address questions that were neither presented in the application for certiorari nor fairly included in the questions that were presented. Accordingly, we dismiss our writ of certiorari.

DECREE
For the foregoing reasons, we dismiss our writ of certiorari.
WRIT OF CERTIORARI DISMISSED. CASE REMANDED.
VICTORY, J., dissents for the reasons assigned by Justice WEIMER.
WEIMER, J., dissents and assigns reasons.
WEIMER, J., dissenting.
I respectfully dissent. This case presents itself in a posture different from that presented in Boudreaux v. State Department of Transportation and Development, 01-1329 (La.2/26/02), 815 So.2d 7. In Boudreaux, after writs were granted, the applicant abandoned errors previously assigned and raised "numerous other issues" which were "neither presented in the application for certiorari nor fairly included in the questions that were presented." Boudreaux, 01-1329 at pp. 1-2, 815 So.2d at 8. In this case, the issue raised by the State in its brief is not a wholly new issue that was not fairly included in the questions presented in the writ application.
The ultimate issue presented in this case, regardless of how it is framed, is whether the subpoena is permissible. The State prevailed in the trial court on this issue. The defendant applied for writs in the court of appeal and argued the applicability of LSA-C.Cr.P. art. 66 for the first time in that court. It was the court of appeal that applied LSA-C.Cr.P. art. 66, not the trial court. The consistent position of the State has been that the subpoena is valid. The argument advanced in brief to this court is an alternative argument supporting the validity of the subpoena. Therefore, I see no impediment to considering the issue on its merits.
NOTES
[1] La.Code Crim. Proc. art. 66 provides, in relevant part:

A. Upon written motion of the attorney general or district attorney setting forth reasonable grounds therefor, the court may order the clerk to issue subpoenas directed to the persons named in the motion, ordering them to appear at a time and place designated in the order for questioning by the attorney general or district attorney respectively, concerning any offense under investigation by him. The court may also order the issuance of a subpoena duces tecum....
B. The contumacious failure or refusal of the person subpoenaed to appear is punishable as a contempt of court.
C. The attorney general or district attorney, respectively, may determine who shall be present during the examination and may order all persons excluded, except counsel for the person subpoenaed.